## Lower et al. v. Norristown-Penn Trust Co., Trustee, et al.

Ruby R. Vale and Nelson P. Fegley, for complainants.
Franklin L. Wright and Henry I. Fox, for defendants.

KNIGHT, J., Dec. 21, 1928.—This is a suit in equity brought by the plaintiffs against the defendants to compel the defendant, Norristown-Penn Trust Company, trustee, to pay over certain funds in its possession to the plaintiffs.

The parties have agreed upon the facts which have been presented to the court in the form of a case stated.

### Questions involved.

The questions involved are as follows: 1. Has the time for distribution of the principal arrived and can the court decree a determination of the trust? 2. Can an annuitant renounce and release the right to receive an annuity?

### Findings of fact.

1. Isaac Taylor, on June 25, 1924, delivered to the Norristown-Penn Trust Company certain securities of the par value of $25,000, to be held by the said trust company for the uses and trusts declared and set forth in a declaration of trust executed and delivered by the said Isaac Taylor to the said trust company on the same day.

2. The purpose of the said Isaac Taylor, as set forth in the declaration, was to create a trust fund "for the special benefit of his daughter, Ella R. Taylor Lower, and her children, and also for an allowance unto Lottie Greth during life."

3. The said Isaac Taylor reserved for himself and his wife the privilege of drawing upon the accumulated income during the lifetime of either, and then the declaration further provides: "1. After the death of Isaac Taylor and of his wife, Mary J. Taylor, to pay out of the income in monthly installments, the sum of Twenty-six Dollars ($26.00) per month unto Lottie Greth, for and during the term of her life, in recognition of her faithful service to said Taylor and wife."

4. Paragraph 4 of the declaration provides: "Subject to the foregoing, the said trust fund shall be held in trust and kept invested and with increments reinvested for the benefit of the children of said Ella R. Taylor Lower and herself, and to be distributed to the children of the said Ella R. Taylor Lower and herself, in equal shares, share and share alike, when the youngest child now living shall reach the age of twenty-one years."

5. Paragraph 8 of the declaration provides: "Distribution to grandchildren attaining the age of twenty-one years shall be subject to the duty upon the

part of the trustee to reserve sufficient moneys to provide income for the monthly allowance to Lottie Greth."

6. Isaac Taylor, the settlor, died on Dec. 26, 1927, his wife, Mary J. Taylor, having predeceased him. Ella R. Taylor Lower, his daughter, is now alive and has two children, Mary Lower, twenty-four years old, and Ruth Lower, twenty-three years old, both of whom are alive and *sui juris*. There are no children of deceased children of Isaac Taylor, the settlor.

7. Lottie Greth, the annuitant, is now alive and of sound mind, but has refused to accept any part of the said annuity and has filed with the trustee her written declaration that she will not at any time in the future receive or accept any part thereof, and has further notified the trustees that she will execute any release required by the trustee releasing it from all liability to her for payment of the annuity.

8. The trustee has distributed in cash or in kind to the beneficiaries, other than Lottie Greth, the principal and accumulated income, but is holding the sum of $8000 to provide income for the payment of the annuity to Lottie Greth.

9. All the beneficiaries of the trust, including Lottie Greth, are of full age and of sound mind. Ella R. Taylor Lower and her two daughters, Mary Lower and Ruth Lower, are the heirs-at-law and only heirs-at-law of Isaac Taylor, the settlor.

### Discussion.

The diligence of counsel and our own research has failed to disclose one case in Pennsylvania or elsewhere arising under a deed of trust in which the facts were similar to the present controversy.

There are numerous cases arising under wills in which the courts have been asked to decree the determination of testamentary trusts.

We see no reason, however, why the rules pertaining to testamentary trusts should not apply with equal force to a trust created by deed or declaration.

The pertinent law was declared by Chief Justice Moschzisker in the case of Stafford's Estate, 258 Pa. 595, in the following language: "The rule is established that 'no matter what may be the nominal duration of an estate given to a trustee, it continues in equity no longer than the thing sought to be secured by the trust demands;' and when that demand has been fully satisfied, 'although the trust may not have ceased by expiration of time,' yet, if all the parties who are or who may be interested in the trust property are in existence and are *sui juris*, and if they all consent and agree thereto, courts of equity may decree the determination of the trust."

Applying this rule to the case at hand, we have all of the parties who are or may be interested in the trust in existence and *sui juris* and all of them, including the trustee, agreeing that the trust may be determined. We have then to inquire whether the thing sought to be secured by the trust still continues.

It was plainly the intent of the settlor, Isaac Taylor, to reward an old and faithful servant by giving her an annuity for life.

In the preamble of the declaration of trust he declares that one of the purposes of the instrument is to secure "an allowance unto Lottie Greth during life." Thereafter mentioned first among the objects of his bounty, he directs the trustee "to pay out of the income, in monthly installments, Twenty-six Dollars per month unto Lottie Greth for and during the term of her life."

Again, in the eighth paragraph he provides that no distribution shall be made to the grandchildren until the trustee shall retain a sum sufficient to provide for the monthly allowance to Lottie Greth.

The object of the settlor is apparent. He wanted to make some provision for a faithful retainer during the balance of her life, and he sought to guard against her improvidence by directing that the allowance should be paid to her monthly.

The thing then sought to be secured by the trust agreement has not been attained, unless the renunciation of Lottie Greth and her refusal to accept the annuity work an extinguishment of the settlor's provision in her behalf.

That she can refuse to accept the monthly payments as they are offered her appears plain. No one has any interest in these monthly allowances but herself, and if she refuses to take them she cannot be compelled by law to accept them.

Can she then renounce and release her right to receive the annuity?

The declaration of the settlor does not create a spendthrift trust for Lottie Greth; it lacks all of the elements of such a trust. There is no provision that the annuity shall be free from the debts of the annuitant or that she may not alienate or anticipate the payments, nor is it given for her maintenance or support.

The direction that the trustee shall pay the monthly allowance "unto Lottie Greth" does not constitute it a spendthrift trust: Harrison *v.* McCana, 11 W. N. C. 239.

The annuity to Lottie Greth was a chose in action for the payment of money (2 Ruling Case Law, 2), and as such could be assigned or released by the annuitant: 3 Corpus Juris, 203.

The purpose of the settlor in creating an allowance for Lottie Greth having failed, the trust fund is distributable, as the children of Ella R. Lower are now twenty-one years of age.

We have next to consider the disposition of the sum retained by the Norristown-Penn Trust Company to provide for the allowance of Lottie Greth.

The declaration of trust is rather carelessly drawn and there is no express or specific gift over of the portion of the principal required to produce the Greth allowance.

Is this sum disposed of by the terms of the declaration of trust or must it be paid to the personal representatives of the estate of Isaac Taylor, the settlor? In either event, the ultimate beneficiaries are the same.

The intention of the settlor is plain. He created a trust fund for his daughter and his two grandchildren and made the whole fund, up to the time of distribution, subject to the payment of the allowance to Lottie Greth. Looking forward to the time of distribution, he provides, in paragraph 8 of the declaration, "that distribution to the grandchildren attaining the age of twenty-one years shall be subject to the duty upon the part of the trustee to reserve sufficient moneys to provide income for the allowance to Lottie Greth." It, therefore, appears that the settlor intended that from the shares of the grandchildren should be deducted a sum sufficient to provide the allowance, and yet in the fourth paragraph he directs that the trust fund and accrued interest shall be distributed among his daughter and grandchildren, share and share alike. Gathering his intention from the four corners of the declaration, we are of the opinion that the settlor intended to and did dispose of the entire trust fund; should Lottie Greth be living when his grandchildren became of age, the fund and accrued interest should be distributed, retaining from the shares of the grandchildren a sum sufficient to earn the Greth allowance, which sum should be paid to the grandchildren upon the death of Lottie Greth, as he desired his grandchildren and his daughter to share equally in the fund. As the Greth annuity drops out, the fund held by the trust company should

be distributed to the grandchildren, if taken from their shares; if not, to the daughter of the settlor and his grandchildren in equal shares.

We have found as a fact that Lottie Greth is *sui juris*, but this finding is based entirely upon the case stated as presented to us signed by all the parties. The annuitant herself did not appear in court and we had no opportunity of seeing her or of examining her upon the genuineness of her consent and desire to give up her allowance.

The action of Lottie Greth in renouncing a provision made for her is so contrary to common experience, so opposed to the acquisitiveness of human nature, that under ordinary circumstances, sitting as a chancellor, we would feel impelled to require this woman to appear in open court, represented by her own counsel, and there give the reason for her unusual and unnatural act.

The high standing of the parties, however, precludes all suspicion of overreaching or undue influence, although, of course, we premise our conclusion upon the assumption that Lottie Greth is in fact *sui juris* and that no fraud has been practiced upon her.

From the facts found and the above discussion, we draw the following

*Conclusions of law.*

1. Lottie Greth, the annuitant, being of full age and *sui juris*, can renounce her right to receive the allowance provided for her under the declaration of trust made by Isaac Taylor, and her proper release will absolve the trustee from all obligation to pay to her, now or hereafter, the said allowance or any portion thereof.

2. The refusal of the said Lottie Greth to take or receive the allowance defeats the purpose of the settlor and renders void the provision made by the settlor in her behalf.

3. The purpose of the settlor in creating an allowance for Lottie Greth having failed, and all parties interested or who may be interested being *sui juris* and having agreed and consented thereto, the court may decree a determination of the trust.

4. By the declaration of trust the settlor disposed of the entire trust fund, and upon the determination of the trust at this time the sum held to protect the Greth allowance must be paid to the grandchildren of Isaac Taylor if reserved from their shares, otherwise to Ella R. Taylor Lower, Mary Lower and Ruth Lower, share and share alike.

5. The costs of this proceeding to be paid by the trustee out of the trust funds.

And now, Dec. 21, 1928, it is ordered, adjudged and decreed that the prothonotary mark these findings of fact and conclusions of law filed, thereafter to become a part of the record of the case, and enter the following decree *nisi:*

That the trust created by Isaac Taylor, dated June 25, 1924, is hereby adjudged and decreed terminated and ended.

That the Norristown-Penn Trust Company, upon receipt of a proper release from Lottie Greth, shall pay to the plaintiffs in this action, in accordance with the terms of our fourth conclusion of law, all moneys in its hands, principal and interest, properly belonging to said trust fund, after deducting therefrom the costs of this proceeding and any proper charges that it may have against said fund.

The prothonotary is further ordered and directed to give counsel in the case, as well as Lottie Greth, notice, as required by the Rules of Equity Practice, that unless exceptions thereto are filed within ten days of this date, the decree above *nisi* will become the final decree as of course.

From Aaron S. Swartz, Jr., Norristown, Pa.